## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JEROME FONTAINE SHOEMAKE<br>147 North Mulberry Street<br>Mansfield, OH 44902, | )<br>)<br>)    Case No. 2019-00957 JD<br>) |
| | )    Judge Patrick M. McGrath<br>)    Magistrate Holly True Shaver |
| Plaintiff, | ) |
| | )    PLAINTIFF'S MOTION FOR |
| -vs- | )    FRAUD UPON THE COURT<br>)    & RULE 11 SANCTIONS |
| OHIO DEPT. OF REHAB. & CORRECTION<br>4545 Fisher Road, Suite D<br>Columbus, Ohio 43228, | )<br>)    Ohio Civ R. 60(B)(1-5)<br>)    Ohio Civ. R. 11<br>) |
| Defendant. | ) |

### PLAINTIFF'S MOTION FOR JUDGMENT OF FRAUD UPON THE COURT & RULE 11 SANCTIONS AGAINST THE DEFENDANT

The Ohio Court of Claims Act ("O.C.C.A."), Ohio Revised Code § 2743.02(A) provides the following:

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

However, the Sixth Circuit Court also noted that there may be other language in the statute that could affect how a case fares in federal court, side-stepping the issue of waiver. Basically, the Circuit noted that if the Court of Claims finds that the *state* employees acted "outside the scope of their employment, or with a malicious purpose, in bad faith or in a wanton or reckless manner," then the waiver would not apply and



PLAINTIFF'S EXHIBIT<br>AA p.1

Page 1 of 12

the case could proceed in federal court.  See *Wrinn v. Johnson*, 315 F. App'x 560 (6th Cir. 2009).

Ohio Revised Code § 4117.09(B)(2) provides the following:  "Authorizes the public employer (e.g., ODRC) to deduct the periodic dues, initiation fees, and assessments of members of the exclusive representative upon presentation of a [**written**] deduction authorization by the employee."

Defendant ODRC denied plaintiff's amended complaint paragraph 91. Defendant ODRC and its counsel of record, stated to the Ohio Court of Claims:

> "91. ODRC ignored Shoemake's notification that he had withdrawn his membership and to cease deducting fair share fees from Shoemake's paycheck; thereafter, without Shoemake's consent, ODRC continues to deduct fair share fees from his paycheck in violation of Ohio R.C. § 4117.09(B)(2) as a matter of law. See, also, Exhibit 14."

> "91. Defendant has contemporaneously filed a motion to dismiss this claim, and thus makes no answer."

Defendant ODRC and its counsel of record have on numerous occasions stated to the Ohio Court of Claims, the following:

> "Further, the Department made it [clear] that, to the extent that it did not explicitly admit any particular factual allegation, that allegation was [**denied**]." (Id., ANSWER, p. 7.)." See Lee Ann Rabe (0077170) and Lauren D. Emery (0095955)): (1.) Answer 2019 DEC 3, p. 7; ¶ 1; and, (2.) Reply 2020 MAR 6, p. 1, ¶ 3, Envelope ID: 25148, 10:08 AM. See *MacDonald v. General Motors Corporation*, 110 F.3d 337, 341 (6th Cir. 1997)("The scope of judicial admissions is restricted to matters of fact which otherwise would require evidentiary proof, and does not include counsel's statement of his conception of the legal theory of a case."); see, also, *Oscanyan v. Arms Co.*, 103 U.S. 261, 263, 13 Otto 261, 26 L. Ed. 539 (1880).



**PLAINTIFF'S EXHIBIT**
bobbie
AA     p. 2

Plaintiff avers that Defendant ODRC and its counsel of record has offered evidence it knows to be false to a tribunal regarding paragraph 91. Likewise, its counsel has engaged in conduct involving dishonesty, fraud, and misrepresentation by filing an improper **certification**.[1] See _Disciplinary Counsel v. Fowerbaugh_, 74 Ohio St.3d 187, 190, 658 N.E.2d 237 (1995) ("knowingly *** employ or countenance *** falsehood"). Gov Bar R. I(8)(A); see, also, Professional Conduct Rule 3.3(a)(1), 3.3(a)(3)(prohibiting a lawyer from offering evidence the lawyer knows to be false), and 8.4(c)(prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation). "The _signature_ of an attorney or pro se party constitutes a [**certificate**] by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." See Ohio Rules of Civil Procedure 11.

Ohio courts have held that "'an accusation of perjury was 'an articulation of an objectively verifiable event' that could be proven 'with evidence adduced from the transcripts and witnesses present at the hearing.'" **Wampler**, 752 N.E.2d at 979 (quoting **Scott**, 496 N.E.2d at 707). The defendant denied to this court it was intentionally violating Ohio R.C. § 4117.09(B)(2). However, the letter issued by **OCSEA AFCME** on July 17, 2020, verifies that Defendant ODRC deducted dues

---

[1] Ohio Rule of Civil Procedure 11: "If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served." See, also, Federal Rule of Civil Procedure 11, which applies to pleadings, motions, and other documents filed with federal courts and, when focused on representations to a court, permits the court to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."



PLAINTIFF'S
EXHIBIT
AA p.3

Page 3 of 12

without the plaintiff's [**written**] permission, which is inconsistent with the testimony

Defendant ODRC and its counsel of record filed with the Ohio Court of Claims. See

*Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 461 (S.D. Ohio 1995)(". . . instant case,

trial counsel must exercise some degree of oversight to ensure that their client's

employees are acting competently, diligently and ethically in order to fulfill their

responsibility to the Court."); see, also, Ohio Civil Rule 60(B)(1-5).

It is generally agreed that any fraud connected with the presentation of a case to

a court is a fraud upon the court. See 11 Wright and Miller, FEDERAL PRACTICE

AND PROCEDURE (1973) 253, Section 2870.  If a lawyer, the lawyer's client, or a

witness called by the lawyer has offered material evidence and the lawyer comes to

know of its falsity, the lawyer shall take reasonable measures to remedy the situation,

including, if necessary, disclosure to the tribunal.  See Rule 3.3(a)(3) (Candor towards

the Tribunal); see, also, *Ohio State Bar Assn. v. Weaver*, 41 Ohio St.2d 97, 100, 322

N.E.2d 665 (1975)(The primary purpose of the disciplinary process is "to safeguard

the courts and to protect the public from the misconduct of those who are licensed to

practice law."); see, also, *Columbus Bar Assn. v. Winkfield*, 159 Ohio St.3d 61, 2019-

Ohio-4532 (citation omitted). Here the plaintiff alleges that the Ohio Assistant

Attorney General's (i.e., Lee Ann Rabe) dishonesty in discovery has breached her duty

of candor to the Ohio Court of Claims and is grounds for punitive damages against

the Ohio Department of Rehabilitation and Correction.

Defendant ODRC's legal staff had a responsibility to amend its answers and tell

the Ohio Court of Claims they knew it was falsity to deny plaintiff's amended



**PLAINTIFF'S EXHIBIT**
AA  p.4

complaint ¶¶ 86, 88, 91, and 93. In re *Brown v. Tellermate Holdings Ltd.*, 2014 U.S. Dist. LEXIS 90123 (S.D. Ohio July 1, 2014)("trial counsel must exercise some degree of oversight to ensure that their client's employees are acting competently, diligently and ethically in order to fulfill their responsibility to the court."). Defendant ODRC did not comply with its duty "to provide full, truthful, and appropriate discovery responses to amended complaint ¶¶ 86, 88, 91 and 93," nor did its counsel "make a reasonable investigation before taking Defendant ODRC at its word." Counsel fell far short of their obligation to examine critically the information which Defendant ODRC gave them regarding plaintiff's amended complaint ¶¶ 86, 88, 91 and 93. See Exhibit OCSEA-1, attached hereto.

In re *Ogle v. Ohio Civil Serv. Emps. Assn*, No. 2:18-cv1227 (S.D. Ohio filed Oct. 15, 2018), "CSEA-[AFSCME] pointed out, the *state's cooperation* is needed for the collection of such fees in the future.' 'In other words, the *state* would have to be [complicit] in ignoring the law set forth in Janus." Exhibit OCSEA-1 is direct evidence that Defendant ODRC and its counsel of record knew they were willfully violating Ohio R.C. § 4117.09(B)(2) as a matter of law. The union has attempted to placate its actions by offering Plaintiff, Jerome Fontaine Shoemake, an [unsolicited] settlement for illegally deducting fees from the plaintiff's wages from March 3, 2019 until July 17, 2020 without a [written] deduction authorization pursuant to Ohio R.C. § 4117.09(B)(2). This action serves as 'direct evidence' that Defendant ODRC was [complicit] in violating Ohio R.C. § 4117.09(B)(2) and officers of the *state* acted "outside the scope of their employment, or with a malicious purpose, in bad faith or



PLAINTIFF'S
EXHIBIT
AA   p.5

Page **5** of **12**

in a wanton or reckless manner" regarding the plaintiff's rights under Ohio R.C. § 4117.09(B)(2). See, also, Ohio R.C. § 9.86.

In short, counsel's behavior "violated what has been referred to as 'the most fundamental responsibility' of those engaged in discovery, which is 'to provide honest, [*truthful answers*] in the first place and to supplement or correct a previous disclosure when a party learns that its earlier disclosure was incomplete or incorrect.'" See Exhibit OCSEA-1.[2] Consequently, Lee Ann Rabe failed to undertake the most basic first step in the performance of her duties as counsel and an officer of the Court, which is to review the records she is relying on.[3] See Ohio Rule of Civil Procedure 11; see, also, Fed. R. Civ. P. 26(g)[4]; see, also, *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)(Rule 11 sanctions, "for continuing to insist upon a position that is no longer tenable"); see, also, *Aka v. Washington Hosp. Ctr.*, 156 F.3d, 1284, 1294 (D.C. 1998) at ¶¶ 30-31 ("' . . . a lie 'carries substantial risks,' including the risk of sanctions, **Hicks**, 509 U.S. at 521-22, 113 S.Ct. 2742, and the more mundane risk that the lie will lead the jury to draw an adverse inference.' ").

---

[2] In Jackson v. Nissan Motor Corp., 121 F.R.D 311, 321 (M.D. Tenn. 1988), the court sanctioned: . . . attorney when the attorney failed to reveal information that was readily available to him. See, also, Brown, 2014 Dist. LEXIS 90123, 47 (S.D. Ohio 2014)("counsel has a duty to make a reasonable investigation to assure that their clients have provided all available responsive information and documents.").

[3] Rule 11 also permits the court to make findings *sua sponte*. See Roadway Express v. Piper, 447 U.S. 752, 767 (1980)(citation omitted).

[4] Ohio Courts may look to federal law as persuasive authority. See Industrial Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576, 579-580. Federal Rule 26(g)(3) says the court "must" sanction a lawyer for filing an improper **certification**. See In re Brown v. Tellermate Holdings Ltd., 2014 U.S. Dist. LEXIS 90123 (S.D. Ohio July 1, 2014)("trial counsel must exercise some degree of oversight to ensure that their client's employees are acting competently, diligently and ethically in order to fulfill their responsibility to the court."). See, also, Ohio Civ. R. 37 sanctions.



PLAINTIFF'S EXHIBIT
AA p.6

## CONCLUSION

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, [**order**] or proceeding for the following reasons: "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." See Ohio Civil Rule 60(B)(3).

It has [not] been more than one year since Judge Patrick M. McGrath issued his February 20, 2020 ruling to dismiss plaintiff's complaint ¶¶ 86, 88, 91 and 93.

To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, [order], or proceeding was entered or taken. See *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

It is equally well-established that the court's inherent powers include the authority to dismiss the *claims*, or *defenses of*, or enter a *default judgment* against a litigant who engages in dishonest conduct, obstructs the discovery process, abuses the judicial process, or otherwise seeks to perpetrate a fraud on the court. See, e.g., *Link v. Wabash Railroad Company*, 370 U.S. 626, 630-632 (1962).



PLAINTIFF'S
EXHIBIT
AA p.7

Page **7** of **12**

Defendant ODRC knew it did not obtain affirmative consent from Shoemake in order to deduct dues or fees from his paychecks pursuant to Ohio R.C. § 4117.09(B)(2), as specifically articulated and denied by Defendant ODRC in its answers to the plaintiff's amended complaint. Defendant ODRC's counsel chose on numerous occasions [not] to amend its answers and defenses as discovery continued.

Defendant ODRC's counsel deliberately obfuscated the truth, engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, and did not take reasonable measures to remedy the situation, by amending its answers and defenses to amended complaint ¶¶ 86, 88, 91 and 93 to this tribunal:

(1.) ODRC's counsel failed to verify the most basic information in the plaintiff's amended complaint regarding Exhibit-13, Exhibit-14, and Exhibit-15;

(2.) ODRC's counsel failed in its candor to a tribunal by not amending its answers and defenses regarding amended complaint paragraph 91 (See, also, Defendant's Answers to Plaintiff's Interrogatories 1 and 2);

(3.) And, as a result of these failures, made statements to the pro se litigant (i.e., opposing counsel) and written submissions to the Court which were false and misleading, and which had the effect of hampering Shoemake's ability to pursue discovery in a timely and cost-efficient manner (as well as the Court's ability to resolve this case in the same way).[5]

---

[5] ODRC's concealment and misrepresentation is material since it either influenced or was capable of influencing a **tribunal**'s decision to properly adjudicate Shoemake's complaint. See New Hampshire v. Maine, 532 U.S. 750-751 (2001)(ODRC's actions would "impose an unfair detriment on the opposing party if not estopped.").



These are serious matters, which the Ohio Court of Claims cannot take lightly. It is the plaintiff's prayer that the Ohio Court of Claims will ensue legal principles which guide its discretion in fashioning an appropriate remedy either under Ohio Rule 60 (B)(1-5), or via severe sanctions against Defendant ODRC pursuant to Rule 11. "The Court has an obligation to right that wrong," and can do so in the form of severe sanctions. See, also, *Brown v. Tellermate Holdings Ltd.,* 2014 U.S. Dist. LEXIS 90123 (S.D. Ohio July I, 2014)("Because that is the essence of what occurred during discovery in this case, the Court has an obligation to right that wrong, and will do so in the form of sanctions authorized by Fed. R. Civ. P. 37.").

Shoemake stated a 'plausible' claim for relief when he pleaded that agents of the State of Ohio were involved [**in**] and [**made decisions**] to willfully violate Ohio R.C. § 4117.09(B)(2) by "acting outside the course of their employment" by violating an established law with willful indifference. See Ohio Revised Code § 9.86.

Basically, the Sixth Circuit noted that if the Court of Claims finds that the *state* employees acted "outside the scope of their employment, or with a malicious purpose, in bad faith or in a wanton or reckless manner," then the waiver would not apply and the case could proceed in federal court. See *Eugene Wrinn, Jr. v. Daren Johnson*, Case No. 3: 06 CV 2188, 4 (N.D. Ohio Aug. 13, 2007)("We must make one addendum to the above discussion. Ohio has created a limited exception to the rule that state employees may not be sued in their official capacities. As set forth in § 2743.02(A)(1), Ohio state employees can be sued for damages in their official capacities if their actions were "manifestly outside the scope of [their] office or employment or [they]



acted with malicious purpose, in bad faith, or in a wanton and reckless manner." "The determination of whether a state employee's actions were ultra vires or malicious is to be made exclusively by the Ohio Court of Claims. See Ohio Rev. Code § 2743.02(F); **Thomson**, 65 F.3d at 1318 n. 3; *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989)").

Finally, pursuant to Ohio Revised Code § 2743.02(F), the Court of Claims has exclusive jurisdiction to determine whether a *state* employee is immune from liability under Ohio R.C. § 9.86. Plaintiff, Jerome Fontaine Shoemake, is asking for an immunity determination pursuant to Ohio R.C. § 2743.02(F) to sue the following individuals in their individual capacity: (1.) Mr. Edward Sheldon (Warden, ManCI.); (2.) Ms. Janet Tobin (Labor Relations, ManCI); (3.) Mr. John Bond (Human Resource Director, ManCI); (4.) Annette M. Chambers-Smith (Director, ODRC); (5.) Matthew M. Damschroder (Director, Ohio Dept. of Admin. Services); and, Ohio Attorney General Dave Yost in federal court for acting "outside the scope of their employment, or with a malicious purpose, in bad faith or in a wanton or reckless manner regarding the plaintiff's rights under Ohio law.[6] See 138 S. Ct. at 2486; see Exhibit OCSEA-1.

Respectfully submitted,

/s/ Jerome Fontaine Shoemake
Jerome Fontaine Shoemake, Pro se
147 North Mulberry Street
Mansfield, Ohio 44902
Phone (419) 525-1634
Email: shoeberry@aol.com

---

[6] Plaintiff has not entered in to a settlement agreement with **OCSEA** or **ODRC** for violation of his civil rights in a federal court as alleged in plaintiff's amended complaint ¶¶ 84-96. Also, a settlement agreement was not sought by plaintiff in conjunction with **ODRC** and **OCSEA** *re* said parties purposely violating Ohio R.C. § 4117.09(B)(2) from March 2, 2019 until July 17, 2020 with impunity. Shoemake has [not] waived his constitutional rights for said period.



PLAINTIFF'S
EXHIBIT
AA p10

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was sent to the

Defendant on July 22, 2020, via email 1:37 PM, at the following addresses:

Lee Ann Rabe (LeeAnn.Rabe@ohioattorneygeneral.gov)
Lauren Emery (Lauren.Emery@ohioattorneygeneral.gov)


/s/ Jerome Fontaine Shoemake
Pro Se Litigant



It is hereby certified that service of the foregoing **PLAINTIFF'S MOTION FOR JUDGMENT OF FRAUD UPON THE COURT & RULE 11 SANCTIONS AGAINST THE DEFENDANT**, has been made upon the following by depositing a copy in the United States mail, certified delivery, this **22nd** day of July, 2020.

Office of the Clerk
Ohio Court of Claims
Thomas J. Moyer Ohio Judicial Center
65 South Front Street, 3rd Floor
Columbus, Ohio  43215

Ohio Attorney General's Office
Court of Claims Defense Section
150 E. Gay Street, 18th Floor
Columbus, Ohio 43215-3130

*Jerome F. Shoemake*
Signature

Jerome F. Shoemake
Print

*Pro se*
Counsel For

147 North Mulberry
Address

Mansfield, Ohio 44902
City, State, and Zip Code

(419) 525-1634
(Area Code)  Telephone Number



PLAINTIFF'S
EXHIBIT
tabbies
AA p.12

Page **12** of **12**

```
=====================================
        MANSFIELD
      200 N DIAMOND ST
   MANSFIELD, OH 44901-1006
        384856-0800
        (800)275-8777
     07/22/2020 04:46 PM
=====================================
=====================================

Product          Qty    Unit     Price
                        Price
-------------------------------------
PM 2-Day          1     $7.75     $7.75
Flat Rate Env
   Domestic
   COLUMBUS, OH  43215
   Flat Rate
   Expected Delivery Day
   Saturday 07/25/2020
Certified                         $3.55
   USPS Certified Mail #
   70180680000035216269
-------------------------------------
Total:                          $11.30


-------------------------------------
Cash                            $15.00
Change                          ($3.70)
-------------------------------------


*******************************************
     Due to limited transportation
      availability as a result of
        nationwide COVID-19 impacts
      package delivery times may be
      extended. Priority Mail Express®
         service will not change.
*******************************************

   Includes up to $50 insurance

   Text your tracking number to 28777
   (2USPS) to get the latest status.
   Standard Message and Data rates may
   apply. You may also visit www.usps.com
   USPS Tracking or call 1-800-222-1811.


   Save this receipt as evidence of
   insurance. For information on filing
   an insurance claim go to
   https://www.usps.com/help/claims.htm

        Preview your Mail
        Track your Packages
        Sign up for FREE @
        www.informeddelivery.com

   All sales final on stamps and postage.
   Refunds for guaranteed services only.
   Thank you for your business.

      HELP US SERVE YOU BETTER

      TELL US ABOUT YOUR RECENT
           POSTAL EXPERIENCE

              Go to:
      https://postalexperience.com/Pos

    840-5442-0440-002-00042-57910-02

      or scan this code with
         your mobile device:
```

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

COLUMBUS OH 43215    OFFICIAL USE

| Certified Mail Fee | $3.55 | | 0800 |
| $ | | $0.00 | 18 |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ $0.00
☐ Return Receipt (electronic)      $ $0.00      Postmark
☐ Certified Mail Restricted Delivery $ $0.00     Here
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery

Postage   $7.75

Total Postage and Fees   $11.30

JUL 22 2020
MANSFIELD OHIO 44901
07/22/2020

Sent To _Ohio Attorney General's Office_
Street and Apt. No., or PO Box No. _150 East Gay St. 18th Floor_
City, State, ZIP+4 _Columbus, Ohio 43215-3130_

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

*Handwritten vertical note:* Ohio Asst. General Lee Ann Rabe: Motion For Fraud On The Court & Rule II Sanctions

PLAINTIFF'S EXHIBIT
AA p. 13

# Exhibit OCSEA-1

Page No. 1:  Letter form Kelly L. Phillips, General Counsel OCSEA, Westerville , Ohio 43082-8331, dated July 17, 2020.

Page No. 2:  Check No. 165619 from OCSEA Secretary-Treasurer (i.e., Kathleen Gersper) dated 7/16/2020.

Page No. 3: U.S. Postage on First-Class Mail submitted by OCSEA on July 17, 2020 to addressee Jerome Shoemake.



PLAINTIFF'S
EXHIBIT
AA p.14



**OCSEA
AFSCME**
Ohio Civil Service
Employees Association

CHRISTOPHER MABE
PRESIDENT
GERARD 'ROCKY' JOLLY
VICE PRESIDENT
KATHLEEN M. GERSPER
SECRETARY-TREASURER

July 17, 2020

JEROME SHOEMAKE
147 N Mulberry St
Mansfield, OH 44902-1238

Dear JEROME,

We evaluated your request to cease membership and revoke dues payment. Pursuant to a settlement agreement, we have determined to honor this request the pay period following your request on 3/2/2019. Enclosed you will find a check in the amount of $871.55 representing a refund of the union dues that were deducted from your paychecks after you declared your desire to resign from membership in OCSEA, along with an amount to reflect accrued interest. We have also advised the appropriate representatives from your agency to henceforth cease deducting union dues from your paychecks.

By resigning your union membership, you gave up your right to the following:

- Free College for you, spouse, children, grandchildren through Eastern Gateway Community College and no to low-cost tuition with Central State University
- Exclusive updates about contract bargaining for wages, health care, dental, leaves, etc.
- Voting on the contract
- Participation in union events, meetings, and union education
- School loan relief
- Educational scholarships
- OCSEA Extras Benefits with discounts to Ohio zoos, amusement parks, Costco, banking, insurance, gym memberships, Cavaliers, OSU games, and much more
- AFSCME Advantage Benefits including discounts on AT&T, vacations, movies, restaurants, car buying, etc.
- Additional Accidental Death and Dismemberment insurance and other insurance based on position (hostage insurance).

Should you wish to rejoin OCSEA at any time, please let us know.

Respectfully,

*Kelly C Phillips*

Kelly L. Phillips,
General Counsel

Cc:    Comptroller
       File

**PLAINTIFF'S
EXHIBIT**
AA p. 15

| OUR REF. NO. | YOUR INVOICE NO. | INVOICE DATE | INVOICE AMOUNT | AMOUNT PAID | DISCOUNT TAKEN | NET CHECK AMOUNT |
|---|---|---|---|---|---|---|
| 139546 | Dues Refund | 7/15/2020 | 871.55 | 871.55 | 0.00 | 871.55 |

**DCSEA**
390 Worthington Road
Westerville, OH 43082

Fifth Third Bank                              25-216/440                           165619

CHECK DATE          CONTROL NO.                        AMOUNT

7/16/2020            165619                  $********871.55

PAY      Eight Hundred Seventy-One and 55/100 ――――――――――――――――――― US DOLLARS

TO THE      Jerome Shoemaker
ORDER       147 N Mulberry St
OF          Mansfield OH  44902-1338

Kathleen Kesner
AUTHORIZED SIGNATURE

PLAINTIFF'S
EXHIBIT
tabbies
AA  p.16

NEOPOST
07/17/2020
US POSTAGE $000.50°

FIRST-CLASS MAIL

ZIP 43082
041M11289103

4490281236 C005



OCSEA
AFSCME
LOCAL 11        AFL-CIO
Ohio Civil Service
Employees Association
390 WORTHINGTON RD. • STE. A
WESTERVILLE, OHIO 43082-8331



PLAINTIFF'S
EXHIBIT
AA p17
tabbies